UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

EVAN PETROS, Individually,  :
:
      Plaintiff,  :
:
v.  :  Case No. 1:13-cv-1143
:
GENERAL GROWTH PROPERTIES, Inc.  :
A Foreign Company  :
:
      Defendant.  :
_____/ :

## **COMPLAINT**

Plaintiff, Evan Petros (hereinafter "Plaintiff"), hereby sues the Defendant, General Growth Properties, a Foreign Corporation (hereinafter "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA"), and for damages pursuant to the Michigan Persons With Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 et. seq. In support thereof, Plaintiff states:

1. This action is brought by Evan Petros, and all persons similarly situated, pursuant to the enforcement provision of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12188(a) and the Michigan Persons with Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 et. seq., against the owners and/or operators of Crossroads Mall.

2. This Court has jurisdiction pursuant to the following statutes:

    a. 28 U.S.C. §1331, which governs actions that arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. See also 28 U.S.C. §2201 and §2202.

  b. 28 U.S.C. §1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; and

  c. 28 U.S.C. §1343 (3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government.

3. Venue is proper in this judicial district and division. Defendant does business in the State of Michigan, and all of the acts of discrimination alleged herein occurred in this judicial district and division.

## PARTIES

4. Plaintiff Evan Petros is a resident of Oakland County, suffers from polio, uses a wheelchair, and is an individual with a disability within the meaning of ADA, 42 U.S.C. 12102(2), 28 C.F.R. 36.104, and MCL 31.1103.

5. Plaintiff Evan Petros is substantially limited in performing one or more major life activities, including but not limited to, walking and standing.

6. Plaintiff frequently returns to the establishment in order to shop.

7. Plaintiff Evan Petros is substantially limited in performing one or more major life activities, including but not limited to, walking and standing.

8. Plaintiff Evan Petros, on several occasions, has been to Crossroads Mall, located at 6650 South Westnedge Avenue, Portage, Michigan.

9. Plaintiff Evan Petros was a patron at Crossroads Mall on August 5, 2013.

10. Crossroads Mall is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. 12181, 28 C.F.R. 36.104, and MCL 37.1301.

11. Defendant owns, leases, leases to, or operates Crossroads Mall and is responsible for complying with the obligations of the ADA and the PDCRA.

## COUNT I

## VIOLATION OF THE ADA

12. Plaintiff realleges paragraphs one (1) through eleven (11) of this Complaint and incorporates them here as if set forth in full.

13. Plaintiff has visited the property which forms the basis of this lawsuit and plans to return the property in December 2013 to avail herself of the goods and services offered to the public at the property.

14. There are numerous architectural barriers present at Crossroads Mall that prevent and/or restrict access by Plaintiff, in that several features, elements, and spaces of Crossroads Mall are not accessible to or usable by Plaintiff, as specified in 28 C.F.R 36.406 and the Standards for Accessible Design, 28 C.F.R., Pt. 36, Appendix A ('the Standards").

15. Elements and spaces to which there are barriers to access at Crossroads Mall include, but are not necessarily limited to:

    a. The openings of the drainage grate in the accessible parking area create a dangerous condition for an individual in a wheelchair.

    b. There are designated accessible parking spaces that do not have a cut through of the island so that an individual in a wheelchair can have an accessible route.

    c. There are accessible routes that have uneven surfaces that create a hazard for an individual in a wheelchair.

  d. There are marked crossings that do not lead to an accessible route for an individual in a wheelchair to utilize.

  e. There are marked crossings that lead from curb ramps into oncoming traffic that creates a dangerous condition to an individual in a wheelchair.

  f. There are designated accessible parking spaces that have access aisles that do not lead to an accessible route.

  g. There are designated accessible parking spaces that have uneven surfaces that create a dangerous condition to an individual in a wheelchair.

  h. There are inaccessible public restrooms.

  i. There is insufficient clear floor space in the toilet room of the public restroom for an individual in a wheelchair to utilize.

  j. There is no rear grab-bar in the toilet compartment of the public restroom.

  k. There are exposed pipes under the sink in the public restroom that creates a burning hazard to an individual in a wheelchair.

  l. The dispensers in the public restroom are located too high for an individual in a wheelchair to utilize.

  m. The water fountains are not accessible to an individual in a wheelchair.

  o. There are sales counters that are located too high for an individual in a wheelchair to utilize.

16. The discriminatory violations described in paragraph 15 of this Complaint were personally encountered by Plaintiff. The Plaintiff, and all other mobility-impaired individuals similarly situated have been denied access to, and have been denied the benefits of, services,

programs and activities of the Defendants' buildings and facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.

17. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, the opportunity to use such elements, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.

18. Plaintiff has standing to sue for every barrier to access for the mobility-impaired that exists on the subject premises. Evan Petros has standing to require that all barriers to access on the property for the mobility-impaired are corrected, not merely only those Evan Petros personally encountered.

19. Defendants' failure to remove the architectural barriers identified in paragraph fifteen (15) constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. 12188 (b)(1)(B)(i) and 28 C.F.R. 36.503 (a).

20. It would be readily achievable for the Defendant to remove the architectural barriers identified above.

21. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the

Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

22. The Defendant has discriminated against Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq. and 28 CFR 36.302 et seq

23. Defendant continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

24. Evan Petros has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described, but not necessarily limited to, the allegations in paragraph 15 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violations of the ADA by the Defendants.

25. Plaintiff is aware that it will be a futile gesture to re-visit the property until it becomes compliant with the ADA, unless she is willing to suffer further discrimination.

26. Plaintiff is without an adequate remedy at law and is suffering irreparable harm.  Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

27. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

28. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to make the property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

## COUNT II

## VIOLATION OF THE PDCRA

29. Plaintiff realleges paragraphs one (1) through twenty-eight (28) of this Complaint and incorporates them here as if set forth in full.

30. The Defendant has discriminated against Plaintiff by denying her the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation because of a disability, as prohibited by MCL 37.1302.

31. Plaintiff has desired and attempted to enjoy the goods and services at Crossroads Mall as a customer. She has been prevented from doing so due to the existing architectural barriers at the property. As a result, she has been distressed and inconvenienced thereby, and is entitled to monetary damages for her injuries, as provided for in MCL 37.1606.

32. As a result of being denied full access to the property, Plaintiff has suffered, and will continue to suffer, emotional distress, humiliation, anxiety, anger, a loss of enjoyment of life, and other consequential and incidental damages.

## PRAYER FOR RELIEF

33. Because Defendant has engaged in the acts and practices described above, Defendant has violated the law as alleged in this Complaint and unless restrained by this Honorable Court, Defendant will continue to violate the Constitution and laws of the United States of America, and the State of Michigan, and will cause injury, loss and damage to the Plaintiff, and all others so similarly situated.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

    A.    Declare that Defendant has violated title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq, 28 C.F.R. pt. 36, and the Michigan Persons With Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 *et. seq.*

        i.    by failing to bring Crossroads Mall into compliance with the Standards where it is readily achievable to do so; and

        ii.    by failing to take other readily achievable measures to remove architectural barriers to access when it is not readily achievable to comply fully with the Standards.

    B.    Order Defendant:

        i.    to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

        ii.        to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities

C.        Award damages to Evan Petros who has been aggrieved and injured by the illegal acts of discrimination committed by Defendant;

D.        Award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205 and MCL 37.1606.

E.        Order such other appropriate relief as the interests of justice may require.

Respectfully Submitted,

By: /s/ Pete M. Monismith
Pete M. Monismith, Esq.
3945 Forbes Ave., #175
Pittsburgh, PA 15213
Ph: 724-610-1881
Fax: 412-258-1309
Pete@monismithlaw.com
PA-84746